UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL J. SMOLEN, JR.,

                      Plaintiff,

v.

CORRECTIONS OFFICER
R. WILKINSON, ET AL.,

                      Defendants.

Case # 11-CV-6001-FPG

DECISION AND ORDER

    *Pro Se* Plaintiff Samuel J. Smolen, Jr. filed this action under 42 U.S.C. § 1983, alleging that Defendants, five employees of the New York State Department of Corrections and Community Services ("DOCCS") facility in Attica, New York, violated his constitutional rights. The Complaint stems from an incident on or about November 7, 2007, where Plaintiff alleges that two of the named Defendants utilized excessive force against him, and that the remaining Defendants failed to intervene. Defendants have moved for summary judgment, and despite being granted several extensions of time, Plaintiff has not responded to the motion.

## DISCUSSION

    The standard for ruling on a summary judgment motion is well known. A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a Motion for Summary Judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In order to establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e) advisory committee's note on 1963 amendments). If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587)

Federal Rule of Civil Procedure 56(e) provides that if the non-movant fails to respond to a summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the adverse party." Local Rule of Civil Procedure 56(a)(2) also provides that "[e]ach numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement."

In this case, Plaintiff was amply advised of the consequences of failing to respond to Defendants' summary judgment motion. Defendants' Motion for Summary Judgment was served and filed with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment,"

accompanied by the full *Irby* notice, which is attached to Docket No. 8-1, as Ex. A, pursuant to Local Rule of Civil Procedure 56(b). Since Plaintiff has failed to respond, the Court may assume the truth of Defendants' factual assertions, and proceed to determine if summary judgment is warranted based upon those facts. *See Morrison v. Dr. Pepper Snapple Group*, 916 F. Supp. 2d 372 (W.D.N.Y. 2013); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

The gravamen of Defendant's summary judgment motion is that Plaintiff failed to exhaust his administrative remedies prior to commencing this lawsuit, and as a result, his complaint cannot proceed. I agree.

Under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). If an inmate fails to exhaust their administrative remedies, they are barred from commencing a federal lawsuit. *Martin v. Niagara County Jail*, No. 05–CV–00868(JTC), 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012). In other words, to commence a lawsuit "prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012).

To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed DOCCS grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5. In short, a prison inmate's administrative remedies consist of a three-step

3

grievance and appeal procedure: (1) investigation and review of the grievance by the Inmate Grievance Resolution Committee ("IGRC"), which is comprised of inmates and DOCCS employees; (2) if appealed, review of the IGRC's determination by (or, if the committee is unable to reach a determination, referral to) the superintendent of the facility; and (3) if the superintendent's decision is appealed, review and final administrative determination by the Central Office Review Committee ("CORC"). *See Id.* All three steps of this procedure must ordinarily be exhausted before an inmate may commence suit in federal court. *See Morrison v. Parmele*, 892 F. Supp. 2d 485, 488 (W.D.N.Y. 2012) (citing *Porter*, 534 U.S. at 524).

In his Complaint, Plaintiff states that he filed a grievance, but claims the "I.G.R.C. office at Attica C.F. never processed" it. Defendants have submitted an affidavit from George Strubel, Inmate Grievance Program Supervisor at Attica, that establishes that DOCCS has "no record of Plaintiff filing any complaint relating to a use of force on or about November 7, 2007." Dkt. #9. In failing to respond to the motion, Plaintiff has not challenged this statement, and therefore, I accept it.

While Plaintiff could have produced a copy of the alleged grievance that he claims was filed, he instead provided nothing. The allegations in Plaintiff's Complaint therefore "stand alone and unsupported," *Veloz v. New York*, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004), and it is well settled that statements made in Plaintiff's Complaint are insufficient at the summary judgment stage. *Celotex*, 477 U.S. at 324. Plaintiff's failure to file a grievance is fatal to his action, and Defendants are entitled to summary judgment on this basis alone. *Curry v. Mazzuca*, No. 05 Civ. 1542(NRB), 2006 WL 250487, at *6 (S.D.N.Y. Feb. 2, 2006) (dismissing plaintiff's claim as "there [was] no evidence whatsoever that such a grievance was actually filed with a grievance clerk or ignored by prison officials.")

Even if the Court were to credit Plaintiff's unsubstantiated statements in his Complaint that he filed a grievance with the IGRC at Attica, Defendants would still be entitled to summary judgment.

Defendants have submitted an affidavit from Karen Bellamy, the Director of DOCCS Inmate Grievance Program. (Dkt. #10.) In her affidavit, Bellamy states that although Plaintiff has filed over 250 appeals of grievances with the CORC, no appeal exists relating to the alleged November 7, 2007 incident. This evidence, which is uncontroverted by Plaintiff, establishes that no such appeal ever existed at the CORC. Assuming that Plaintiff did file a grievance regarding the November 7, 2007 incident, and further assuming that he received no response from prison officials, that is not enough. Plaintiff was still required to file an appeal with the CORC even if he never received a decision on the grievance he claims to have filed. *Hecht v. Best*, No. 12 CIV. 4154 (CM), 2012 WL 5974079 (S.D.N.Y. November 28, 2012). Since appealing to the CORC is a required step under DOCCS grievance procedure, and it is undisputed that Plaintiff failed to file an appeal, there can be no dispute that Plaintiff has failed to exhaust his administrative remedies. As a result, the Defendants are entitled to Summary Judgment.

## CONCLUSION

Defendants' Motion for Summary Judgment (Dkt. #4) is GRANTED and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States

Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED.

DATED: September 25, 2013
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge